IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JANE DOE "C.L." | ) |
| | ) |
| Plaintiff | ) Case No. 6:23-cv-3278 |
| | ) |
| Vs. | ) |
| | ) JURY TRIAL DEMANDED |
| NEW PRIME, INC. D/B/A PRIME, INC. | ) |
| | ) |
| Defendant | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Jane Doe "C.L.", through counsel, and for her cause of actions against Defendant, New Prime, Inc. d/b/a Prime, Inc., hereby states and alleges as follows:

### INTRODUCTION

1. At all relevant times, the Plaintiff, Jane Doe "C.L." (hereinafter "C.L.") was an adult female employee hired by New Prime, Inc. d/b/a Prime, Inc. ("hereinafter Prime, Inc.") performing a drive from Pennsylvania to Massachusetts. On November 2, 2021, C.L. suffered sexual abuse, sexual discrimination, and severe emotional distress at the hands of Edwin Reyes ("Reyes"), Prime, Inc. driving trainer assigned to C.L. At all relevant times, Defendant was aware and therefore was on notice that Reyes had a history of sexually inappropriate behavior. Despite this knowledge, the Defendant failed and/or refused to take action to protect C.L.

2. As a result of the Defendant's failures, C.L. suffered extensive emotional, psychological, and economic damages, and deserves to be fairly and adequately compensated.

### THE PARTIES

1. The Plaintiff, Jane Doe "C.L.", is an individual over the age of 18 residing in Charleston, West Virginia. At all relevant times, C.L. was employed by Defendant Prime, Inc.

1

2. The Defendant, New Prime, Inc. d/b/a Prime, Inc., has their principal place of business at 2740 North Mayfair, Springfield, MO 65803 and is incorporated in Nebraska. The Defendant, Prime, Inc. is an "employer" as defined in the meaning of the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010(8) because it employs more than six (6) employees in the State of Missouri, and is liable to C.L. as an employee under the MHRA, and otherwise according to statutory and common law.

## JURISDICTION AND VENUE

3. This is an action for damages in an amount in excess of the minimum jurisdictional limits of this Court.

4. This Court has original jurisdiction (diversity) pursuant to 28 U.S.C. §1332 in that the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over the Defendant. Defendant is a Missouri Corporation and its principal place of business is in Missouri.

6. This Court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367(a), over all other claims that are so related to claims in the action within the original jurisdiction that they form part of the same case or controversy.

7. Venue for this action properly lies in the District of Missouri pursuant to 28 U.S.C. §1391 as the causes of action arose within the jurisdiction of this Court.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### *EEOC Charge #5523-2022-02600*

8. On May 2, 2021, Plaintiff, Jane Doe "C.L.", filed a Charge of Discrimination against Defendant with the Massachusetts Commission Against Discrimination ("MCAD"), Missouri Commission on Human Rights ("MCHR"), Pennsylvania Human Rights Commission ("PHRC"), and the Equal Employment Opportunity Commission ("EEOC"), alleging claims of sex discrimination and retaliation against Defendant. (*Attached as Exhibit 1*.)

9. On or about June 2, 2023, the EEOC issued a Notice of Right to Sue to Plaintiff, C.L., which corresponds with the aforementioned Charge of Discrimination she filed. (*Attached as Exhibit 2*.)

10. This lawsuit was filed within 90 days of Plaintiff counsel's receipt of the EEOC's issuance of its Notice of Right to Sue.

11. Plaintiff's Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this EEOC judicial complaint may be and is as broad as the scope of the EEOC investigation which could reasonably be expected to have grown out of the changes.

12. Plaintiff has met all deadlines and satisfied all procedural, administrative, and judicial prerequisites to filing suit.

**FACTUAL ALLEGATIONS**

13. At all relevant times, Plaintiff, Jane Doe "C.L.", was a driver employed by Prime, Inc.

14. At all relevant times, Edwin Reyes was a male driving trainer employed by Prime, Inc. to train and drive with trainee drivers like C.L. in order for her obtain her Commercial Driver's License (CDL).

15. When C.L. signed up for the paid training program, she selected the option to be assigned a female driving trainer but was assigned a male trainer and felt she would be punished if she refused to work with a male trainer.

16. On November 3, 2021 3:45 a.m., C.L. and Mr. Reyes departed from Pennsylvania for a five hour trip to a Sam's Club in Springfield, Massachusetts.

17. During that drive, Mr. Reyes spoke to C.L. inappropriately about past relationships, including that he was no longer sexually attracted to his wife. He further spoke in detail about his sex life.

18. Mr. Reyes got on a video call with a previous student and began speaking inappropriately and sexually toward the former trainee and repeatedly called her his "work wife." C.L. felt extremely uncomfortable to be in the confines of the small truck cabin with him.

19. C.L. and Mr. Reyes arrived in Springfield, Massachusetts and dropped their load off at the Sam's Club. Before driving back to Pennsylvania, they had to rest.

20. C.L. suggested watching television and that they take a "power nap."

21. C.L. began to fall asleep in the passenger seat of the truck and Mr. Reyes told her to rest in the bottom bunk instead and that he could sleep in the top bunk.

22. Mr. Reyes pulled the curtains shut and they both got in their respective bunks.

23. Shortly after, Mr. Reyes climbed into the bottom bunk with C.L. and pushed his erect penis against her, through his pants.

24. C.L. immediately told him to stop, jumped out of the bed, and got out of the truck.

25. Mr. Reyes followed her out of the truck and said that as his trainee, that it was his responsibility to take her back to Pennsylvania in the truck.

26. C.L. said there was no way she was getting back in the truck with him.

27. After the assault, C.L. went into the store and called the police and Prime, Inc. to report the, assault.

28. While C.L. was attempting to flee, Mr. Reyes continued to follow her.

29. A Springfield Police Officer responded to C.L.'s call and took a statement from Mr. Reyes when he stated that he did get into the bunk with C.L., had flirted with her, and had been attracted to her.

30. C.L. spoke with a Prime Manager who told Reyes to stay away from C.L. and arranged a place for her to stay for the night.

31. Prime, Inc. stated to C.L. that Mr. Reyes was terminated shortly thereafter.

32. Photographs posted on Prime's Facebook page in February 2022 show images of Mr. Reyes stating, "Give it up for our great trainers."

33. Prior to the November 3rd, 2021 assault committed upon C.L., the Defendant was on notice that Mr. Reyes had inappropriate sexual relationships with female trainees.

34. After the Defendant failed to appropriately address the sexual assault, C.L. filed a Complaint with the Equal Employment Opportunity Commission (EEOC).

35. The EEOC found "reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you." (*Attached as Exhibit 2.*)

36. Prime, Inc. and its employees and agents had a history of engaging in sexual harassment and assault as well as discrimination. In 2018, the EEOC brought suit against Prime, Inc. when a Prime, Inc. trainer and driver with a known history of misconduct sexually harassed a female trainee and Prime, Inc. failed to protect her. Similarly, in 2004, Prime, Inc. was found to have violated Title VII

based on sexual harassment of one of its drivers. Prime, Inc. responded to that suit by prohibiting women trainees from training with men, effectively barring 60 women from employment, instead of providing appropriate, non-discriminatory protections for women trainees.

## **CAUSES OF ACTION**

## **COUNT I - NEGLIGENCE**

37. Plaintiff, Jane Doe "C.L.", realleges and incorporates by reference the allegations contained in the preceding paragraphs.

38. The Defendant had a legal duty to protect their employees, including C.L.

39. The Defendant breached the duties owed to C.L., by:
   a) Failing to provide her with a safe work environment.
   b) Failing to protect her from being sexually and/or physically assaulted while performing her job duties.
   c) Failing to properly and timely investigate reports of sexual and physical assaults being committed on its employees, including C.L..
   d) Failing to properly and timely develop, implement and enforce policies and procedures that would protect staff, such as C.L., from sexual and physical assaults.
   e) Failing to properly and timely develop, implement, and enforce policies and procedures specific to training of staff to prevent sexual and physical assaults from being committed upon staff.
   f) Failing to properly and timely develop, implement, and enforce policies and procedures specific to monitoring and supervising its trainers in order to prevent sexual and physical assaults from being committed upon staff.

40. As a direct and proximate result of the Defendant's breaches of its duties, C.L., was sexually abused, harassed and assaulted.

41. Prime, Inc. is vicariously responsible for the acts and omissions of its employees and agents and are responsible for the harm caused to C.L., by its employees and agents.

42. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of C.L., thus justifying an award of punitive damages in an

amount sufficient to punish Defendant and to deter Defendant from like conduct in the future.

43. As a direct and proximate result of the Defendant's breaches of its duties, the Plaintiff, Jane Doe "C.L.", suffered severe and extensive damages, including but not limited to bodily harm, humiliation, severe emotional distress, and permanent psychological damages. The Plaintiff, Jane Doe "C.L.", has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

WHEREFORE, the Plaintiff, Jane Doe "C.L.", respectfully requests judgment against the Defendant for such damages as are fair and reasonable in an amount in excess of the jurisdictional amount of Seventy-Five Thousand Dollars ($75,000.00), together with prejudgment interest, and for costs herein; and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

44. The Plaintiff, Jane Doe "C.L.", realleges and incorporates by reference the allegations contained in the preceding paragraphs.

45. The Defendant, Prime, Inc., had a legal duty to protect its employees, including C.L.

46. By failing and/or refusing to take action to protect C.L., the Defendant, Prime, Inc., should have realized that their actions and/or inactions involved an unreasonable risk of causing distress.

47. The Defendant, Prime, Inc., breached the duty owed to C.L.

48. As a result of the Defendant's breaches of duty, C.L. suffered severe emotional distress.

49. The emotional distress suffered by C.L. is sufficient to be medically significant, causing physical injuries.

50. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter Defendant from like conduct in the future.

51. As a direct and proximate result of the Defendant's breaches of duty, C.L. suffered severe and extensive damages, including but not limited to bodily harm, humiliation, severe emotional distress, and permanent psychological damages. C.L. has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer

loss of income.

WHEREFORE, the Plaintiff, Jane Doe "C.L.", respectfully requests judgment against the Defendant for such damages as are fair and reasonable in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs and fees, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT III
## GENDER/SEX DISCRIMINATION

52. The Plaintiff, Jane Doe "C.L.", realleges and incorporates by reference the allegations contained in the preceding paragraphs.

53. The Missouri Human Rights Act prohibits an employer from discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability. Mo. Rev. Stat. § 213.055.1(1)(a) (2000).

54. To establish a *prima facie* case of sex discrimination in the workplace in Missouri, Plaintiff must prove: (1) she was a member of a protected class; (2) she was qualified to perform her job; (3) she suffered adverse employment actions; and (4) she was treated differently from similarly situated males.

55. Based on the facts outlined in this Petition, C.L. will be able to satisfy those four elements.

56. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter Defendant from like conduct in the future.

57. As a direct and proximate result of the gender/sex discrimination suffered by C.L. at the hands of the Defendant, the Plaintiff suffered severe and extensive damages, including but not limited to bodily harm, humiliation, severe emotional distress, and permanent psychological damages. C.L., has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

WHEREFORE, the Plaintiff, Jane Doe "C.L.", respectfully requests judgment against the Defendant for actual damages as are fair and reasonable in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs, attorney's fees, injunctive relief, all statutory

available damages and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT IV
## SEXUAL HARRASSMENT/HOSTILE WORK ENVIRONMENT

58. The Plaintiff, Jane Doe "C.L.", realleges and incorporates by reference the allegations contained in the preceding paragraphs.

59. Sexual harassment creating a hostile work environment is a practice prohibited by Mo. Rev. Stat. ch. 213.

60. Sexual harassment creates a hostile work environment when sexual conduct either creates an intimidating, hostile or offensive work environment or has the purpose or effect of unreasonably interfering with an individual's work performance.

61. To prevail on a sexual harassment/hostile work environment claim in Missouri, Plaintiff must prove: (1) she is a member of a protected group; (2) she was subjected to unwelcome sexual harassment; (3) gender was a contributing factor in the harassment; (4) a term, condition, or privilege of the Plaintiff's employment was affected by the harassment; and (5) the Defendant knew or should have known of the harassment and failed to take appropriate action.

62. Based on the facts outlined in this Petition, C.L., will be able to satisfy those five elements.

63. Defendant's conduct was willful, wanton and malicious, and showed complete indifference to or conscious disregard of the rights of the Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant and to deter Defendant from like conduct in the future.

64. As a direct and proximate result of the sexual harassment/hostile work environment suffered at the hands of the Defendant, C.L., suffered severe and extensive damages, including but not limited to bodily harm, humiliation, severe emotional distress, and permanent psychological damages. C.L. has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

WHEREFORE, the Plaintiff, Jane Doe "C.L.", respectfully requests judgment against the Defendant for such damages as are fair and reasonable in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs and fees, and for such other and further relief as the Court deems just and proper under the circumstances.

## COUNT V
## BREACH OF CONTRACT

65. The Plaintiff, Jane Doe "C.L.", realleges and incorporates by reference the allegations contained in the preceding paragraphs.

66. To prevail on a breach of contract claim in Missouri, Plaintiff must satisfy four elements: (1) the existence and terms of a contract; (2) the Plaintiff performed or tendered performance pursuant to the contract; (3) breach of contract by the Defendant; and (4) damages suffered by the Plaintiff.

67. Based on the facts outlined in this Petition, C.L. will be able to satisfy those four elements.

68. As a direct and proximate result of the Defendant's breaches of contract outlined above, C.L., suffered severe and extensive damages, including but not limited to bodily harm, humiliation, severe emotional distress, and permanent psychological damages. C.L. has incurred expenses and will more likely than not incur future expenses for medical and psychological treatment, suffer loss of earning potential, and suffer loss of income.

WHEREFORE, the Plaintiff, Jane Doe "C.L.", respectfully requests judgment against the Defendant for such damages as are fair and reasonable in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with costs and fees, and for such other and further relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues.

Dated: August 30, 2023

9

Case 6:23-cv-03278-RK   Document 1   Filed 08/30/23   Page 9 of 11

**Respectfully submitted,**

**PLAINTIFF,**
**By her Attorneys,**


*/s/Thomas J. Preuss*

Thomas J. Preuss, MO 54923

PREUSS | FOSTER

10601 Mission Rd., Suite 250

Leawood, KS 66206

_____

Kimberly A. Dougherty, Esq.

MA BBO# 658014

Justice Law Collaborative, LLC

210 Washington Street

North Easton, MA 02356

(508) 230-2700

kim@justicelc.com

## EXHIBIT LIST

| Exhibit # | Description |
|---|---|
| 1 | Jane Doe "C.L."'s Charge of Discrimination |
| 2 | Notice of Right to Sue (Jane Doe "C.L.") |