IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE "C.L.", | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 6:23-cv-03278-RK |
| | ) |
| NEW PRIME, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's motion to proceed under a pseudonym. (Doc. 3.) Defendant New Prime, Inc. filed a response in opposition. (Doc. 25.) Plaintiff did not file a reply, and the time for doing so has passed. After careful consideration and for the reasons explained below, the motion to proceed under a pseudonym is **DENIED without prejudice**.

I. **Background and Procedural Posture**

On August 30, 2023, a complaint was filed on behalf of "Jane Doe 'C.L.'" asserting claims against Defendant New Prime, Inc. for negligence, negligent infliction of emotional distress, breach of contract, and two claims under the Missouri Human Rights Act for gender/sex discrimination and sexual harassment/hostile work environment. (Doc. 1.) Plaintiff alleges that on November 3, 2021, when she was a trainee driver for Defendant New Prime, she was sexually harassed and assaulted by Edwin Reyes, the mail trainer to whom she had been assigned. (*Id.* at 3-4.) Specifically, Plaintiff alleges that Mr. Reyes inappropriately discussed past relationships and his sex life and that he spoke inappropriately and in a sexual nature with a former trainee while on a video call with the former trainee while Plaintiff was in the truck's cabin with him. (*Id.*) Plaintiff further claims that when they took a rest break in the truck cabin, Mr. Reyes climbed into the bottom bunk with Plaintiff and "pushed his erect penis against her, through his pants." (*Id.* at 4.) Plaintiff alleges that although Mr. Reyes was terminated shortly after Plaintiff reported the issues to management, Defendant New Prime had prior notice that the mail trainer "had inappropriate sexual relationships with female trainees" and otherwise "failed to appropriately address the sexual assault." (*Id.* at ¶¶ 33, 34.)

Plaintiff filed the motion to proceed under a pseudonym at the same time she filed her initial complaint. (Doc. 3.) On December 29, 2023, after Defendant New Prime had appeared in

the case, the Court ordered that Defendant respond to Plaintiff's motion to proceed under a pseudonym. (Doc. 17.) Defendant New Prime timely filed a response (Doc. 25), and Plaintiff did not file a reply.

Most recently, on January 29, 2024, in response to a motion to dismiss and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff filed an amended complaint. (Doc. 29.) The amended complaint is also filed under the pseudonym "Jane Doc 'C.L.'" The amended complaint alleges largely the same facts and asserts similar claims for negligent hiring/retention, negligent supervision, negligent training, breach of contract, and two claims under Title VII of the Civil Rights Act of 1964 for gender/sex discrimination and sexual harassment/hostile work environment. (*Id.*)

## II. Discussion

As a general matter, Rule 10(a) of the Federal Rules of Civil Procedure requires that "[t]he title of the complaint must name all the parties." Rule 17(a) similarly requires that actions "must be prosecuted in the name of the real party in interest." The Court has recognized a "strong presumption" against allowing parties to proceed in a civil action anonymously in light of the First Amendment's "interest in public proceedings such as lawsuits, which is furthered by identifying the parties to an action." *AB v. HRB Pro. Res. LLC*, No. 4:19-cv-00817-HFS, 2020 WL 12675330, at *1 (W.D. Mo. Dec. 31, 2020) (citations and quotation marks omitted).

Although the Eighth Circuit has not specifically addressed the issue, district courts in this circuit generally apply a "totality-of-the-circumstances balancing test" to determine whether a party should be allowed to proceed anonymously. *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (quoting *In re Ashley Madison Customer Data Sec. Breach Litig.*, MDL No. 2669, 2016 WL 1366616 (E.D. Mo. Apr. 6, 2016)); *Doe v. Aberdeen Sch. Dist.*, No. 1:18-CV-01025-CBK, 2019 WL 4452136, at *1 (D.S.D. Sept. 17, 2019). The relevant inquiry is "whether the plaintiff has a substantial privacy right which outweighs the customary constitutionally-embedded presumption of openness in judicial proceedings." *L.A. v. Gary Crossley Ford, Inc.*, No. 4:20-00620-CV-RK, 2020 WL 5880970, at *1 (W.D. Mo. Oct. 2, 2020) (citation and quotation marks omitted).

In her motion to proceed under a pseudonym, Plaintiff cites a fear of retaliation and targeting as a female truck driver given the frequency of sexual harassment against women in the trucking industry. She argues that "[c]ourts have often recognized workers' reasonable fears of

2

private matters being exposed and industry retaliation" as a basis to allow anonymity. (Doc. 3 at 2.) In support, Plaintiff cites *Jane Roes 1-2 v. SFBSC Management, LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015), in which the district court allowed exotic dancers to proceed in an action under the Fair Labor Standards Act and state labor laws, finding that privacy and social stigma interests as exotic dancers outweigh the public's interest in open courts. *Id.* at 993-95. In that case, however, as the district court noted that, the privacy and safety risks of public disclosure (or not allowing anonymity) were particularly salient to the extent that as exotic dancers, the plaintiffs explained that they commonly use stage names to maintain their security and privacy interests in the regular course of their business. *Id.* at 995.

The Court acknowledges the sensitive nature of the allegations Plaintiff asserts in her complaint. At the same time, however, "[s]exual harassment is not typically considered a matter so highly personal as to warrant proceeding by pseudonym." *Roe v. Bernabei & Wachtel PLLC*, 85 F. Supp. 3d 89, 96 (D.D.C. 2015). And Plaintiff has not identified any extraordinary or substantial privacy interest or consideration present in this case that is not otherwise present in any other similar workplace sexual harassment lawsuit, which routinely proceed in regular form. *See, e.g.*, *Sellars v. CRST Expedited, Inc.*, 13 F.4th 681 (8th Cir. 2021) (similar sexual harassment claims by female truck drivers); *Wilson v. Brinker Int'l, Inc.*, 382 F,3d 795 (8th Cir. 2004); *Sellers v. Mineta*, 350 F.3d 706 (8th Cir. 2003); *Crist v. Focus Homes, Inc.*, 122 F.3d 1107 (8th Cir. 1997); *Statler v. Buffalo-Bodega Complex, Inc.*, No. 06-5003-AWB, 2008 WL 4533639 (D.S.D. Sept. 29, 2008).

Without something more and without a compelling and special privacy interest to override or outweigh the presumption of openness in judicial proceedings, the Court does not find that anonymity is warranted in this workplace sexual harassment lawsuit; Plaintiff has not overcome the "constitutionally-embedded presumption of openness in judicial proceedings." Accordingly, Plaintiff's motion to proceed under a pseudonym (Doc. 3) is **DENIED without prejudice**. Within five days of the date of this order, Plaintiff shall file an amended complaint that complies with Rule 10(a) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 12, 2024