## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CASEY LITZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 6:23-cv-03278-RK |
| | ) | |
| NEW PRIME, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff Casey Litz's motion for leave to file a third amended complaint. (Doc. 69.) Defendant New Prime, Inc. filed an opposition to the motion. (Doc. 76.) Plaintiff did not file a reply and the time for doing so has expired. After careful consideration and for the reasons explained below, the Court **ORDERS** that the motion for leave is **GRANTED**.

### Background

For purposes of Plaintiff's motion for leave, the Court provides the following background; however, a more thorough factual background is set forth in the Court's Order granting in part and denying in part New Prime's motion to dismiss Plaintiff's first amended complaint, (Doc. 48). New Prime is a freight transportation and logistics trucking company. Plaintiff alleges she was at all relevant times employed by New Prime, and while performing a drive on November 3, 2021, she "suffered sexual abuse, sexual discrimination, and severe emotional distress at the hands of Edwin Reyes, [the] driving trainer assigned to Plaintiff." (Doc. 70-1 at ¶ 1.) On May 2, 2022,[1] Plaintiff filed a Charge of Discrimination ("Charge") against New Prime with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR")[2] alleging claims of sex discrimination and retaliation. (*Id.* at ¶ 11, Doc. 1-2.) On June 1, 2023, the EEOC issued Plaintiff a right-to-sue letter instructing Plaintiff of her right to file suit within ninety days. (Doc. 1-3.)

---

[1] Plaintiff alleges she filed her Charge on May 2, 2021; however, the Charge attached to her initial complaint indicates the Charge was filed on May 2, 2022. (Doc. 1-2.) The Court presumes the May 2, 2021, date is a typographical error, given that date occurred prior to the alleged discriminatory conduct.

[2] Plaintiff also directed the Charge to the Massachusetts Commission Against Discrimination and the Pennsylvania Human Relations Commission. (Doc. 1-2.)

Plaintiff filed her initial complaint on August 30, 2023, asserting common law claims for negligence, negligent infliction of emotional distress, and breach of contract, along with claims for sex discrimination and "sexual harassment/hostile work environment" under the Missouri Human Rights Act, § 213.010 *et seq.*, RSMo. ("MHRA"). (Doc. 1.) Subsequently, Plaintiff filed first and second amended complaints.[3] Plaintiff's proposed third amended complaint is based on the same operative allegations set forth in each version of Plaintiff's previous complaints.

New Prime filed a motion to dismiss Plaintiff's initial complaint on January 8, 2024, arguing that Plaintiff failed to administratively exhaust her MHRA claims because she had not obtained a right-to-sue letter from the MCHR. (Doc. 23.) In response, and pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiff filed her first amended complaint which replaced her MHRA claims with claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*,[4] and restated her common law claims. (Doc. 29.) Accordingly, the Court denied New Prime's motion to dismiss as moot. (Doc. 31.)

On February 9, 2024, New Prime filed another motion to dismiss, arguing that Plaintiff's common law claims were preempted by the MHRA and her claims for employment discrimination under Title VII were untimely because she did not file her Title VII claims within ninety days of receiving her EEOC right-to-sue letter. (Docs. 36, 37.) Plaintiff filed her initial complaint within the ninety-day window of the EEOC right-to-sue letter, but New Prime emphasized that the initial complaint did not assert any claims under Title VII but instead only asserted employment discrimination claims under the MHRA. New Prime argued that as a result, Plaintiff's Title VII claims asserted for the first time on January 29, 2024 (with the first amended complaint) were time-barred. Plaintiff argued that the Title VII claims were not time-barred because the first (and second) amended complaint related back to the initial complaint under Rule 15(c) of the Federal Rules of Civil Procedure for purposes of the statute of limitations. The Court concluded that Plaintiff was entitled to the protection of Rule 15(c)'s relation back doctrine and her Title VII claims were not time-barred under § 2000e-5(f)(1). The Court granted in part and denied in part

---

[3] As discussed in further detail *infra*, Plaintiff's first amended complaint contains the same operative allegations set forth in her initial complaint, but Plaintiff replaced her statutory reliance on the MHRA with Title VII. (Docs. 1, 29.) After the Court denied Plaintiff's motion to proceed under a pseudonym, Plaintiff filed her second amended complaint in order to identify herself. (Docs. 3, 38, 39.)

[4] Plaintiff acknowledges that she removed her MHRA claims "because she had not yet obtained the necessary right-to-sue letter from the MCHR." (Doc. 70 at 4.)

New Prime's second motion to dismiss, dismissing only Plaintiff's common law claims. (Doc. 48.)

On August 26, 2024, the MCHR issued Plaintiff a right-to-sue letter, which provides, in part:

> The [MCHR] is terminating its proceedings and issuing this notice of your right to sue under the [MHRA] because you have requested a notice of your right to sue.
> . . . .
> This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of this complaint and MCHR has not completed its administrative processing.
> . . . .
> Also, please note, that your cause of action may be beyond the [two-year] statute of limitations which may prevent you from pursuing your claim in court.

(Doc. 70-2.)[5]

Plaintiff filed her motion for leave on September 3, 2024, seeking to reassert her MHRA claims. The motion for leave is timely under the scheduling order. New Prime opposes Plaintiff's motion for leave on the basis that the amendments are futile because they are barred by the statute of limitations.

## Legal Standard

Generally, a district court should freely give leave to a party to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a). However, the Court may properly deny a party's motion to amend its complaint for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendments are futile where the added claims could not withstand a Rule 12(b)(6) motion to dismiss. *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018).

## Discussion

The issue presented by Plaintiff's motion for leave concerns the MHRA's exhaustion requirements and statute of limitations. "To initiate a claim under the MHRA, a party must timely

---

[5] In New Prime's opposition to Plaintiff's motion for leave, it represents that according to Plaintiff's MCHR file produced in discovery, Plaintiff did not request an MCHR right-to-sue letter until August 19, 2024. (Doc. 76 at 2 n.1.) New Prime's representation cannot be verified based upon the materials provided to the Court.

3

file [a charge] with the MCHR and either adjudicate the claim through the MCHR or obtain a right-to-sue letter." *Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000) (citing Mo. Rev. Stat. §§ 213.075, 213.111.1). The "issuance of a right-to-sue letter is a statutory prerequisite to suit." *McDonald v. Chamber of Com. of Independence*, 581 S.W.3d 110, 118 (Mo. Ct. App. 2019). After 180 days have passed since the filing of a charge of discrimination, and the MCHR "has not completed its administrative processing and the person aggrieved so requests in writing, the [MCHR] shall issue to the person claiming to be aggrieved a letter indicating his or her right to bring a civil action within ninety days of such notice against the respondent named in the complaint." Mo. Rev. Stat. § 213.111.1. Any MHRA action must be filed within ninety days of the right-to-sue letter, but not "later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." *Id.*

Plaintiff acknowledges that the statute of limitations for her MHRA claims expired in November 2023. Plaintiff argues, however, that because her MHRA claims relate back to her initial August 30, 2023, complaint pursuant to Rule 15(c), they are timely and therefore not futile. In response, New Prime asserts that the initial complaint was "untimely" because Plaintiff had not yet obtained a right-to-sue letter from the MCHR, and "a subsequent complaint cannot relate back to an initial complaint that is itself untimely." (Doc. 76 at 4 n.2.) That may be true in the situation of a prior complaint filed after the expiration of the statute of limitations. *See Henderson v. Bolanda*, 253 F.3d 928, 931-32 (7th Cir. 2001) ("An amended complaint does not relate back to the filing of the original complaint if the original complaint, itself, was filed after the expiration of the statute of limitations. . . . The prior complaint, having been itself filed after the expiration of the one-year statute of limitations for the claims which it contained, was a nullity."); *Norman v. Massey Enter.*, No. 1:17 CV 194 SNLJ, 2019 WL 2357360, at *2 (E.D. Mo. June 4, 2019) (applying *Henderson* in the absence of Eighth Circuit precedent and pointing out that "it strains reason to argue that one untimely complaint can be saved by relating back to another untimely complaint" (cleaned up)). *But see Thompson v. IP Network Sol., Inc.*, No. 4:14-CV-1239 RLW, 2014 WL 5761127, at *2 (E.D. Mo. Nov. 5, 2014) (questioning the application of *Henderson* and holding that the plaintiff's untimely federal employment discrimination claims could relate back to MHRA claims that the district court dismissed as untimely in the same order).[6]

---

[6] *Norman* and *Thompson* applied *Henderson* in the context of filings outside of the ninety-day limitations period requiring a complaint to be filed within ninety days of a right-to-sue letter, rather than in

However, Plaintiff's initial complaint was not untimely or a nullity—it was prematurely filed prior to issuance of a right-to-sue letter. This distinction is material, as prematurely filed MHRA complaints may be cured by a subsequent receipt of a right-to-sue letter. *Vankempen v. McDonnell Douglas Corp.*, 923 F. Supp. 146, 149-50 (E.D. Mo. 1996) (concluding that receipt of a right-to-sue letter is a condition precedent, as opposed to a jurisdictional prerequisite, and therefore the requirement "may be cured after the action has begun"); *see also Pub. Sch. Ret. Sys. of Sch. Dist. of Kansas City v. Mo. Comm'n on Hum. Rts.*, 188 S.W.3d 35, 44 (Mo. Ct. App. 2006) ("Although not jurisdictional, a right-to-sue letter is a prerequisite to the filing of a MHRA claim in state court.").

New Prime fails to provide authority which supports its argument that Plaintiff's proposed MHRA claims may not relate back to her prematurely filed MHRA suit.[7] In *Vankempen*, the district court held that an otherwise untimely MHRA complaint filed after the two-year statute of limitations expired could relate back to a prematurely filed MHRA complaint. 923 F. Supp. at 149-50. Other federal courts have held the same in the Title VII context.[8] *See Kohn v. GTE N., Inc.*, 754 F. Supp. 563, 569-70 (S.D. Ohio 1990); *Wilburn v. Dial Corp.*, 724 F. Supp. 530, 536-37 (W.D. Tenn. 1989) (filed outside of ninety-day period); *Molokwu v. City of New York*, No. 98Civ.5202(JSM), 2000 WL 1056314, at *1-2 (S.D.N.Y. Aug. 1, 2000) (filed outside of ninety-day period). It follows that Plaintiff's proposed MHRA claims may relate back to her initial complaint, provided they meet the requirements of Rule 15(c).

Under Rule 15(c), an amended complaint may relate back to the date of the original pleading when, *inter alia*, "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." The rationale behind Rule 15(c) is that "a party who has been notified of litigation concerning a

---

the context of the two-year statute of limitations which dates back to the alleged discriminatory conduct and is implicated here.

[7] New Prime's reliance on *Brown v. Meridian Med. Tech., Inc.*, No. 4:23CV675 HEA, 2024 WL 3984631, at *5 (E.D. Mo. Aug. 28, 2024), is unpersuasive—the district court in that case considered only whether the plaintiff had obtained a right-to-sue letter prior to filing his lawsuit (i.e., whether he had exhausted his MHRA claims); it did not consider relation-back principles.

[8] In analyzing MHRA claims, federal courts may apply "federal employment discrimination law to the extent federal law is applicable and authoritative under the MHRA." *Button v. Dakota, Minn. & E. R.R. Corp.*, 963 F.3d 824, 831 (8th Cir. 2020) (quoting *Heuton v. Ford Motor Co.*, 930 F.3d 1015, 1019 (8th Cir. 2019)).

particular occurrence has been given all the notice that statutes of limitations were intended to provide." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984). Here, the proposed MHRA claims plainly relate back to the original complaint because they are based upon the identical facts and circumstances. New Prime does not contest this point.

Instead, New Prime argues that the Court should deny the motion for leave because Plaintiff chose to abandon her claims when filing her first amended complaint in response to New Prime's motion to dismiss. The Court rejects New Prime's notion. Courts which have considered the reassertion of previously abandoned claims stress whether the claims were based on the same operative facts (rather than legal theory) and whether the defendant was on notice of the claim at the outset of the case. In *Mann v. Duke Manufacturing Company*, 166 F.R.D. 415, 417 (E.D. Mo. 1996), the district court found relation back under Rule 15(c) was appropriate, reasoning:

> [P]laintiff's original state court petition included MHRA and ADA claims, which were based on the same factual occurrences. Plaintiff sought to avoid federal jurisdiction over her action by filing an Amended Complaint which asserted only an MHRA claim. Plaintiff now seeks to reassert an ADA claim. It is clear that [defendant] was on notice of plaintiff's ADA claim and the facts underlying it at the time this action was originally filed, and cannot assert any prejudice as a result of the amendment.[9]

*See also Watkins v. Lujan*, 922 F.2d 261, 265 (5th Cir. 1991) (Where plaintiff sought to reassert Title VII claim after previously replacing the Title VII claim with a § 1981 complaint, "[t]he fact that [plaintiff] reasserted her Title VII claim after dropping it is a distinction without a difference, because at all times the operative facts upon which her cause of action was based remained the same."); *W.B. David & Co., Inc. v. De Beers Centenary AG*, 507 Fed. Appx. 67, 70 (2d Cir. 2013) (rejecting reasserted claims based on an "'entirely distinct set' of factual allegations," but permitting amended claim which defendants were on notice of); *Worsham v. Provident Co., Inc.*, 249 F. Supp. 2d 1325, 1334-35 (N.D. Ga. 2002) (permitting amended complaint reasserting breach of contract claim where defendants were on notice that the plaintiff could pursue claim and had conducted discovery on the merits of the claim).

New Prime was plainly on notice of the MHRA claims which were originally pled and which are based on the same factual allegations supporting her Title VII claims asserted in her first

---

[9] Although New Prime does not argue that Plaintiff's choice to drop her MHRA claims is tantamount to a voluntary dismissal under Rule 41(a), the Court notes that "[a] change of the legal theory of an action is not considered a voluntary dismissal under federal procedure." *Mann*, 166 F.R.D. at 417.

amended complaint on January 29, 2024 (and which still appear in the proposed third amended complaint). New Prime does not contend otherwise. Accordingly, the Court concludes that because Plaintiff's proposed MHRA claims are timely, they are not futile.

Of course, the Court may deny Plaintiff's motion for leave for other reasons; however, the only factor suggested by New Prime and identified by the Court is undue delay. The Court agrees that Plaintiff undoubtedly delayed in reasserting her MHRA claims. She filed her Charge on May 2, 2022, making her eligible to receive a right-to-sue letter from the MCHR as early as November 19, 2022 (provided the other statutory requirements were also met). *See* Mo. Rev. Stat. § 213.111.1. Plaintiff filed her initial complaint on August 30, 2023, alleging only MHRA claims. Plaintiff alleged that she had received a right-to-sue letter from the EEOC, but her complaint made no mention of exhaustion efforts with the MCHR. On January 8, 2024, New Prime moved to dismiss Plaintiff's complaint, arguing that she had failed to administratively exhaust her claims under the MHRA because she had not first obtained a right-to-sue letter. If Plaintiff was not aware that she had failed to request a right-to-sue letter from the MCHR before this point, Plaintiff was undoubtedly on notice following the motion to dismiss.[10] Yet, according to New Prime, Plaintiff waited until August 19, 2024, to request a right-to-sue letter. While undue delay is a good reason for denial, "delay alone is not enough to deny a motion to amend; prejudice to the nonmovant must also be shown." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004). New Prime does not assert that it would be prejudiced in any way if the motion for leave is granted. As Plaintiff points out and as discussed above, New Prime has had notice of the factual circumstances and potential for MHRA claims all along. And, New Prime does not contend, for example, that it will need to conduct additional discovery if the motion for leave is granted or that it is otherwise prejudiced by the amendments. Accordingly, the Court observes the general rule that amendments should be liberally allowed, and Plaintiff's motion for leave is **GRANTED**.

---

[10] Instead of electing to request a right-to-sue letter from the MCHR (which would have cured her failure to exhaust within the two-year statute of limitations), *see Vanderkemp*, 923 F. Supp. at 149-50, Plaintiff elected to drop her MHRA claims and instead pursue her claims pursuant to Title VII.

7

**Conclusion**

After careful consideration and review, the Court **ORDERS** that Plaintiff's motion for leave is **GRANTED**.  The Court accepts Plaintiff's proposed third amended complaint and exhibit thereto, (Docs. 70-1, 70-2), as filed.  Pursuant to the Court's Order granting New Prime's unopposed motion to extend the dispositive motion deadline, (Doc. 79), dispositive motions are due on or before **November 27, 2024**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  November 20, 2024